**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| SALOME WILSON, o/b/o Y.W., a minor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-2258 (RBW) |
| ) | |
| GOVERNMENT OF THE DISTRICT ) | |
| OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

## MEMORANDUM OPINION

The plaintiff, Salome Wilson, filed this lawsuit on behalf of her now seventeen year-old son, Y.W., a minor child who requires special education services.  This action is one to recover attorneys' fees for legal services provided by the plaintiff's lawyer during administrative proceedings initiated under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491 (2006).  See Complaint ("Compl.") ¶¶ 7; 18A–C.  Currently before the Court is Defendant District of Columbia's motion to dismiss the plaintiff's claim.  This motion is based on two theories: (1) the Court lacks subject matter jurisdiction over this action pursuant to Federal Rule of Civil Procedure 12(b)(1), see Defendant's Memorandum of Points and Authority in Support of Defendant's Motion to Dismiss ("Def.'s Mem.") at 4–5; and (2) the defendant alleges that the plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), because the plaintiff was not a prevailing party in the underlying administrative proceeding, a requirement for recovery of attorneys' fees, id. at 7–8, and the claim was filed untimely under the applicable statute of limitations, id. at 10–14.  In the

alternative, the defendant moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Id. at 9–10.[1] For the reasons that follow, this Court finds that: (1) it has subject matter jurisdiction to hear the plaintiff's claim; (2) the plaintiff's complaint is sufficient and does not need amending to provide the defendant with a more definite statement; (3) the plaintiff was a prevailing party in the underlying administrative hearings; and (4) that the plaintiff's complaint was filed in a timely manner because the statute of limitations period for this action is three years in length.

## I.     BACKGROUND

The purpose of the IDEA is to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). In an effort to "ensure that the rights of children with disabilities and parents of such children are protected," id. at (d)(1)(B), the IDEA sets forth a number of procedural safeguards in Section 1415 of Title 20 of the United States Code. If a parent disagrees with a school's determination of what constitutes appropriate educational placement of a disabled child, he or she has the right to an "impartial due process hearing." 20 U.S.C. § 1415(f). At the hearing, parents have "the right to be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities." Id. at (h)(1). If disabled children and their parents are "aggrieved by" a hearing officer's findings or decision, they have the "right to bring a civil

_____

[1]     The Court also considered the following documents in resolving the motion: the Plaintiff's Opposition to the Defendant's Motion to Dismiss ("Pl.'s Opp'n.") and the Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Def.'s Reply").

action" in federal or state court. Id. at (i)(2)(A). The IDEA also grants the district court the ability to "in its discretion, . . . award reasonable attorneys' fees as part of the costs—(I) to a prevailing party who is the parent of a child with a disability." Id. at (i)(3)(B)(i). A prevailing party may recover attorneys' fees incurred during administrative proceedings. See Moore v. District of Columbia, 907 F.2d 165, 167 (D.C. Cir. 1990).

On August 28, 2006, the plaintiff filed an administrative complaint on behalf of her child, Y.W., with the District of Columbia Public School System (the "School System") alleging that the School System was denying Y.W. a free appropriate public education by keeping him at the school he was then attending. See Compl. ¶¶ 8–11. The plaintiff additionally requested that Y.W. be transferred to a school that "could provide educational benefit to Y.W." Id. ¶ 10. At the hearing, which was held on November 28, 2006, the Hearing Officer made two findings: (1) that Y.W. was being denied a free appropriate public education at the school he was then attending; and (2) that Y.W. would receive better educational benefit by transferring to the school requested by the plaintiff. See id. The Hearing Officer then ordered Y.W.'s transfer to the plaintiff's requested school. Id. ¶ 11. Following this administrative proceeding, the plaintiff alleges that her lawyer properly submitted an invoice to the School System on or about December 6, 2006, for reimbursement of her attorneys' fees. Compare Pl's Opp'n. at 2 (noting the date of the invoice's submission), with Def.'s Mem. at 13 (stating that the School System's "Fee Guidelines" dictate that attorneys' fees invoices should be submitted to the School System within 45 days of the Hearing Officer's decision and that "while [the School System] will endeavor to act on invoices submitted within 60 days, fee requests may be deemed denied if [the School System] takes no action within 90 days of invoice submissions"). The plaintiff also alleges that although she prevailed at the administrative proceeding and is therefore entitled to

reasonable attorneys' fees, to date the School System has not responded to the request for payment of those fees. Pl.'s Opp'n. at 2.

## II. STANDARD OF REVIEW

A. <u>Motion to Dismiss for Lack of Subject Matter Jurisdiction.</u>

"On a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss, the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has jurisdiction to entertain his [or her] claims." <u>Green v. Stuyvesant</u>, 505 F. Supp. 2d 176, 177 (D.D.C. 2007) (citations omitted). Because a motion for dismissal under "Rule 12(b)(1) presents a threshold challenge to the court's jurisdiction," <u>Haase v. Sessions</u>, 835 F.2d 902, 906 (D.C. Cir. 1987) (citations omitted), Rule 12(b)(1) requires dismissal of a complaint if the Court lacks subject matter over the dispute. Fed. R. Civ. P. 12(b)(1). The Court must accept as true all of the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1). <u>Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 164 (1993). However, since the plaintiff has the burden of establishing the Court's jurisdiction, the "plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." <u>Grand Lodge of Fraternal Order of Police v. Ashcroft</u>, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (citation and internal quotation marks omitted). Moreover, the Court is not limited to the allegations set forth in the complaint, and "may consider materials outside [of] the pleadings." <u>Jerome Stevens Pharms., Inc. v. FDA</u>, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (citation omitted).

B. <u>Motion for a More Definite Statement.</u>

Rule 12(e) provides defendants with a remedy for inadequate complaints that fail to meet the minimum pleading standard set forth in Rule 8(a). Fed. R. Civ. P. 8(a), 12(e); <u>Saad v. Burns</u>

Int'l Sec. Services, Inc., 456 F. Supp. 33, 36 (D.D.C. 1978) (finding that a complaint consisting of mere generalized allegations and legal conclusions does not suffice to state a claim and ordering the plaintiff to file a more definite statement); see also Harbury v. Deutch, 244 F.3d 956, 957–958 (D.C. Cir. 2001) (citation omitted) (discussing the utility of a Rule 12(e) motion when a defendant views a complaint as deficient under Rule 8(a) standards). "Thus, 'when a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement.'" Hilska v. Jones, 217 F.R.D. 16, 21 (D.D.C. 2003) (citing Am. Nurses' Ass'n v. Illinois, 783 F.2d 716, 725 (7th Cir. 1986) (citations omitted)); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (recognizing that "[i]f a pleading fails to specify the allegation in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)").

However, "[a] complaint satisfies th[e] criterion [of Rules 8(a) and 12(e)] if it is not 'so vague or ambiguous that a party cannot reasonably be expected to frame a responsive pleading'"; otherwise stated, "a plaintiff need not allege all the facts necessary to prove its claim so long as it provides enough factual information to make clear the substance of that claim." Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1086 (D.C. Cir. 1998) (citation omitted) (quoting Fed. R. Civ. P. 12(e)). Moreover, to prevent Rule 12(e) from becoming a substitute for discovery, courts should generally deny a motion for a more definite statement where the information sought may be obtained in discovery. See Fed. R. Civ. Pro. 12 advisory committee's note (in its 1946 amendment to section (e), the committee stated that a Rule 12(e) motion should be granted "only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question. With respect to preparations for trial, the party is properly relegated to the various methods of examination and

discovery provided in the rules for that purpose" (citations omitted)); see also Montgomery v. Kingsland, 166 F.2d 953, 956 (D.C. Cir. 1948) (stating that "[a]dditional details that the defendant needs in order to prepare for trial[, beyond those required to prepare and answer,] should be obtained by discovery after issue is joined" (internal quotation marks and citation omitted)).

C.     Motion to Dismiss for Failure to State a Claim upon Which Relief Can be Granted.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether a complaint has properly stated a claim for which relief may be granted. See Wells v. United States, 851 F.2d 1471, 1473 (D.C. Cir. 1988) (discussing the legal standard applicable to a Rule 12(b)(6) motion). For a complaint to survive a Rule 12(b)(6) motion, Federal Rule of Civil Procedure 8(a) requires only that it provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff is required to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009), in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal citation, quotation marks and alteration omitted). Thus, while "detailed factual allegations are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the grounds of entitlement to relief, a plaintiff must furnish more than labels and conclusions or a formulaic recitation of the elements of a cause of action." Hinson ex rel. N.H. v. Merritt Educ. Ctr., 521 F. Supp. 2d 22, 27 (D.D.C. 2007) (quoting Twombly, 550 U.S. at 555) (internal quotation marks and alterations omitted). Or, as the Supreme Court more recently stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" Iqbal, __ U.S. at __, 129 S. Ct. at 1949

(quoting Twombly, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556).  A complaint alleging

facts that are "'merely consistent with' a defendant's liability . . . 'stops short of the line between

possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

Moreover, "[a] dismissal with prejudice is warranted only when a trial court determines that the

allegation of other facts consistent with the challenged pleading could not possibly cure the

deficiency." Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (internal quotation

marks and citations omitted) (emphasis in original).  Finally, in evaluating a Rule 12(b)(6)

motion, "[t]he complaint must be liberally construed in favor of the plaintiff, who must be

granted the benefit of all inferences that can be derived from the facts alleged," Schuler v. United

States, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal quotation marks and citations omitted), and

the Court "may consider only the facts alleged in the complaint, any documents either attached to

or incorporated in the complaint and matters of which [the Court] may take judicial notice."

EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997) (footnote

omitted); see also, Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (noting

that courts may consider "documents incorporated into the complaint by reference, and matters

of which a court may take judicial notice").  In sum, although the Court must accept the

plaintiffs' factual allegations as true, any conclusory allegations are not entitled to an assumption

of truth and even those allegations pled with factual support need only be accepted to the extent

that "they plausibly give rise to an entitlement to relief." Iqbal, __ U.S. at __, 129 S. Ct. at 1950.

Dismissal for failure to state a claim is "proper when . . . the court finds that the plaintiffs have

failed to allege all the material elements of their cause of action."  <u>Taylor v. FDIC</u>, 132 F.3d 753, 761 (D.C. Cir. 1997).

### III.   ANALYSIS

A.   <u>Subject Matter Jurisdiction.</u>

The defendant argues that this Court lacks subject matter jurisdiction over this matter, but fails to provide any arguments in support of its jurisdictional challenge.  <u>See</u> Def.'s Mem. at 4–5 (offering only the legal standard for deciding such a motion and noting that the burden is on the plaintiff to establish subject matter jurisdiction).  The plaintiff contends in response that this Court has subject matter jurisdiction pursuant both to 28 U.S.C. § 1331 (granting federal courts "federal question" subject matter jurisdiction) and subsection (i)(3) of the IDEA.  Compl. ¶ 1 (citing 20 U.S.C. 1415(i)(3)).  Given that subsection (i)(3)(A) of the IDEA explicitly provides that "[t]he district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy," 20 U.S.C. § 1415(i)(3)(A), this Court can find no support for the defendant's jurisdictional challenge.  The defendant's motion to dismiss for lack of subject matter jurisdiction is accordingly denied.

B.   <u>Sufficiency of the Complaint.</u>

The defendant alleges that the plaintiff's complaint fails to meet the liberal pleading standards of Rule 8(a).  <u>See</u> Fed. R. Civ. P. 8(a)(2) (noting that the plaintiff must include a "short and plain statement of the claim showing that the pleader is entitled to relief").  Specifically, the defendant argues that the plaintiff's complaint does not adequately address four requirements that must be shown for the plaintiff to recover attorneys' fees: (1) that the plaintiff was a prevailing party in the underlying IDEA administrative proceeding; (2) that the plaintiff or her lawyer submitted an invoice for attorneys' fees for the School System's consideration prior to

this litigation; (3) that the amount of the requested attorneys' fees was reasonable; and (4) "the disposition of each fee claim submitted to [the School System] (e.g., full payment, partial payment, or refusal)." See Def.'s Mem. at 9.

The plaintiff contends that she should be considered a prevailing party in the IDEA administrative proceeding because "the Hearing Officer ruled in favor of the [p]laintiff on all counts and issued an order granting all of the relief[,] which the [p]laintiff requested." Pl.'s Opp'n at 2. Additionally, as to the attorneys' fees themselves, she argues that: (1) the amount in attorneys' fees sought are in fact reasonable as they reflect "a billing rate at which [the p]laintiff's counsel has routinely billed [the School System] for IDEA cases for over five years, and is well below the rate deemed appropriate by the Laffey Matrix for a practitioner who has more than 20 years' legal experience, as does the [p]laintiff's counsel"; (2) the plaintiff's attorney did, in fact, submit an invoice to the School System for these attorneys' fees on or about December 6, 2006; and (3) after having submitted this invoice for reasonable attorneys' fees, the plaintiff has not received any correspondence in reply from the School System. Id. at 2. The defendant replies that the plaintiff's position essentially admits that the complaint "do[es] not serve to amend the complaint . . . . If anything, this attempt [at amending the plaintiff's complaint] serves as an admission of the complaint's deficiencies." Def.'s Reply at 3.

This Court finds that although the defendant is correct that the plaintiff's opposition cannot be considered an amendment of her complaint, the plaintiff's complaint itself is nonetheless sufficient. First, the defendant's claim that the plaintiff failed to allege facts in her complaint showing that her and her son are a prevailing party in the IDEA administrative proceeding is incorrect. The defendant relies upon language from the Ninth Circuit, which states, in part, that "[e]ach plaintiff's right to relief therefore depends upon proof of the operative

facts giving rise to an enforceable right in favor of that plaintiff." Def.'s Mot. at 9 (quoting Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000)). However, the quoted language does not represent the Ninth Circuit's holding as to the standard required of pleadings. Rather, the passage simply describes what is demanded of a plaintiff in proving his or her case as a whole prior to conclusion of the litigation. See Bautista, 216 F.3d at 840 (discussing how plaintiffs' allegations cannot simply be "stray allegations" irrelevant to their claim for relief). Indeed, as a general principle of civil procedure, factual proof of a claim is not demanded at the pleading stage and is instead only sought once the litigation progresses to the discovery stage of litigation. See Iqbal, __ U.S. at __, 129 S. Ct. at 1949–50 (stating that factual allegations included in a complaint, if indicating a plausible claim for relief, are sufficient to allow such a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted). Thus, the plaintiff is required to put forth only factual allegations that support her legal conclusions.

In her complaint, the plaintiff provides the date of the hearing at which she claims to have prevailed and the specific rulings rendered by the Hearing Officer, rulings that were indeed in her favor. See Compl. ¶¶ 8–11 (noting the two specific findings of the administrative proceeding: (1) that the School System was denying the plaintiff's child a free and appropriate public education; and (2) that the school to which the plaintiff requested her child be transferred could provide stronger educational benefit for her child). These statements are not bare legal conclusions nor are they "cryptic" in nature, as the defendant alleges, Def.'s Mot. at 9; rather, the plaintiff offers specific factual assertions to support her conclusion that she was a prevailing party in the IDEA administrative proceeding, as is necessary to recover on her claim for attorneys' fees.

Second, the defendant's claim that the plaintiff failed to allege facts showing that her lawyer submitted an invoice for attorneys' fees for the School System's consideration prior to this litigation is in error.  Id.  In her complaint, the plaintiff states that "[her lawyer] properly submitted an invoice to [the School System] for legal services [her lawyer] rendered to the [p]laintiff[].  See Attachment B."  Compl. ¶ 16.  Although the defendant poignantly notes that "Attachment B" was in fact not attached to the complaint, Def.'s Mot. at 9, the inclusion of this Attachment is not necessary for the defendant to comprehend the factual allegations in the complaint.  In other words, the failure to attach this document does not render the complaint so vague or ambiguous that the defendant cannot reasonably prepare a response, although the absence of proof of an invoice may ultimately be relevant to the merits of the plaintiff's claim. Moreover, a more definite statement on this point is not required.

Third, the defendant's claim that the plaintiff fails to allege facts relied upon as to the reasonableness of the attorneys' fees sought is without merit.  Id.  To show the reasonableness of the attorney's fees requested, the plaintiff notes that the "services provided by [her attorney] were ordinary and necessary to successfully represent the [p]laintiff[]" and that the services her attorney provided "were consistent with the level of services provided to other[] . . . clients [of her attorney] based on [her attorney's] expertise, experience[,] and understanding of the law to be applied in the case and [her attorney's] normal office practices."  Compl. ¶ 14–15.  The Court considers these factual allegations to be sufficient for the liberal pleading standards under Rule 8(a) and, thus, the plaintiff's statements in her complaint do not require a more definite statement.

Lastly, the defendant's claim that the plaintiff's complaint fails to alleged facts as to how (or whether) the School System resolved the plaintiff's request for attorneys' fees following her

lawyer's alleged submission of an invoice must too be rejected. The complaint states that the School System "has not issued payment of the [p]laintiff's attorneys' fees set forth in [the plaintiff's lawyer]'s legal services invoice." Id. ¶ 17. A reasonable reading of the plain language of this assertion indicates that the School System has not paid <u>any</u> of the attorneys' fees the plaintiff claims. This sentence does not contain any legal conclusions, but instead is a mere factual allegation. Since no proof is required at the pleading stage, as noted above, the Court finds this portion of the complaint to be sufficient.

In conclusion, the Court must deny the defendant's motion for a more definite statement pursuant to Rule 12(e). Moreover, the Court finds the plaintiff's complaint sufficient under the liberal pleading standard of Rule 8(a), as it is not so vague or ambiguous that the defendant cannot reasonably be required to answer.

C.    <u>The Plaintiff's Prevailing-Party Status Claim.</u>

The Court now turns to the arguments the defendant offers in support of its Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The IDEA only allows for an award of attorneys' fees to a "prevailing" party. <u>See</u> 20 U.S.C. § 1415(i)(3)(B)(i)(I)–(III). With respect to the plaintiff's claim for attorneys' fees, the most relevant subsection states that "the [federal] court, in its discretion, may award reasonable attorneys' fees as part of the costs—(I) to a prevailing party who is the parent of a child with a disability." <u>Id.</u> at (i)(3)(B)(i). The plaintiff alleges, both in her complaint and in her opposition to the defendant's motion to dismiss, that she was a prevailing party in the underlying administrative proceeding. <u>See</u> Compl. ¶¶ 9–11; Pl.'s Opp'n. at 1. The plaintiff bases this assertion on two factual allegations: (1) the Hearing Officer determined that the School System was denying the plaintiff's son a free and appropriate public education by placing him in an

inappropriate school; and (2) the Hearing Officer transferred the plaintiff's son to the school the plaintiff requested. Compl. ¶¶ 10–11; Pl.'s Opp'n. at 1. Conversely, the defendant argues that the plaintiff has failed to show that she was a prevailing party in the administrative proceeding because the "legal relationship" between the parties did not change as a result of the proceeding. Def.'s Mem. at 7; Def.'s Reply at 3.

A prevailing party is one that succeeds "on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278–79 (1st Cir. 1978) (internal quotation marks omitted). The District of Columbia Circuit has established a three-part test in determining prevailing-party status: "(1) there must be a 'court-ordered change in the legal relationship' of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." District of Columbia v. Straus, 590 F.3d 898, 901 (D.C. Cir. 2010) (citation omitted) (internal quotation marks and alterations omitted). Moreover, "it is the province of the district court to make the ultimate decision as to who prevailed in an IDEA action," Artis v. District of Columbia, 543 F. Supp. 2d 15, 22 (D.D.C. 2008) (citation omitted), and generally "[w]hen a hearing officer finds that a student was denied access to a free appropriate public education, the student may usually recover reasonable attorney's fees as the prevailing party because a denial of a free appropriate public education is a direct violation of the [IDEA] statute." Id. at 22.

Here, the plaintiff's allegations support the conclusion that that Hearing Officer in the administrative proceeding ruled in favor of the plaintiff on two significant issues. First, and most notably, the plaintiff asserts that "the Hearing Officer found that . . . [the School System] denied Y.W. a free and appropriate public education . . . by placing Y.W. in an inappropriate school

placement." Compl. ¶ 10.  The Court agrees that this determination establishes that at least on one significant point at issue in the administrative proceeding, the plaintiff was a prevailing party.  Second, according to the plaintiff, she is a prevailing party because the Hearing Officer ordered that her son be transferred to the school the plaintiff specifically requested.  See id. ¶ 11. Again, the Court must side with the plaintiff because the District of Columbia Circuit has conferred prevailing-party status on a plaintiff in IDEA administrative proceedings where the School System has "acceded" to the plaintiff's claims.  Jester v. District of Columbia, 474 F.3d 820, 821 (D.C. Cir. 2007).  The administrative order here is therefore sufficient to satisfy the requirement that there be "judicial imprimatur on the change" in the parties' legal relationship, Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001).  For both of these reasons, the Court finds that the plaintiff has adequately alleged that she was a prevailing party in the underlying administrative hearing.

D.      The Defendant's Statute of Limitations Claim.

Under the subsection of the IDEA allowing for an action to recover attorneys' fees, no statute of limitations is provided.  See 20 U.S.C. § 1415(i)(3).  The defendant argues that the governing statute of limitations should be the same as the 90-day limitations period applicable to appeals of IDEA administrative hearings submitted to district courts.  See Def.'s Mem. at 10 (citing 20 U.S.C. § 1415(i)(2)(B)).  The plaintiff argues in response that the applicable statute of limitations should be three years.  Pl.'s Opp'n at 4.  The Court agrees with the plaintiff.

The District of Columbia Circuit has stated that "[w]hen Congress has not established a statute of limitations for a federal cause of action, it is well-settled that federal courts may 'borrow' one from an analogous state cause of action, provided that the state limitations period is not inconsistent with underlying federal policies."  Spiegler v. District of Columbia, 866 F.2d

14

461, 463–64 (D.C. Cir. 1989) (citing, among others, <u>Wilson v. Garcia</u>, 471 U.S. 261, 266–67

(1985)). Given that there is no explicit statute of limitations for this action for attorneys' fees

following an IDEA administrative hearing, courts are split over what statute of limitations to

apply in this context based on their disagreement as to what this form of action is most analogous

to under their respective state causes of action. The most prominent division among courts lies

in determining whether the action is ancillary to, or independent from, the underlying

administrative proceeding. <u>See</u> <u>Kaseman v. District of Columbia</u>, 444 F.3d 637, 640 (D.C. Cir.

2006) ("The single issue presented on appeal is whether IDEA administrative proceedings and

subsequent litigation regarding attorneys' fees are part of the same 'action,' . . . or whether such

litigation constitutes a new 'action.'"). Courts that find an action for attorneys' fees independent

from the underlying IDEA administrative proceedings assign a longer statute of limitations

period, often periods spanning several years, whereas courts finding an action for attorneys' fees

ancillary to the underlying IDEA administrative proceedings assign shorter statute of limitations

periods comparable to a period applied to judicial review of the administrative proceeding itself.

<u>Compare</u> <u>Brown ex rel. P.L. v. Barbara Jordan P.C.S.</u>, 495 F. Supp. 2d 1, 2 (D.D.C. 2007)

(applying three-year-long "catch-all" statute of limitations periods); <u>Akinseye v. District of</u>

<u>Columbia</u>, 193 F. Supp. 2d 134, 144–45 (D.D.C. 2002) (Walton, J.), <u>rev'd on other grounds</u>, 339

F.3d 970 (D.C. Cir. 2003) (same); <u>Zipperer ex rel. Zipperer v. Sch. Bd. of Seminole Cnty., Fla.</u>,

111 F.3d 847, 852 (11th Cir. 1997) (applying Florida's similar four-year statute of limitations);

<u>Taylor P. ex rel. Chris P. v. Mo. Dep't of Elementary & Secondary Educ.</u>, No. 06-4254-CV-C-

NKL, 2007 WL 2360061, at *5 (W.D. Mo. Aug. 14, 2007) (applying Missouri's five-year

limitations period); <u>Anthony F. v. Sch. Comm. of Medford</u>, No. Civ.A.04-10610-RWZ, 2005

WL 1262090, at *2 (D. Mass. Apr. 22, 2005) (employing a three-year-long statute of limitations

period generally applicable to actions against state entities); Holmes ex rel. Hitchens v. Dep't of Educ., 234 F. Supp. 2d 1156, 1158 n.2 (D. Haw. 2002) (applying Hawaii's two-year statute of limitations period); Ostby v. Oxnard Union High, 209 F. Supp. 2d 1035, 1044–45 (C.D. Cal. 2002) (applying California's three-year limitations period); Dickerson ex rel. Ingram v. Brodgen, 80 F. Supp. 2d 1319, 1322 (S.D. Ala. 1999) (applying Alabama's two-year limitations period); Shanahan v. Bd. of Educ., 953 F. Supp. 440, 443 (N.D.N.Y. 1997) (applying New York's similar four-year statute of limitations); J.B. ex rel. C.B. v. Essex-Caledonia Supervisory Union, 943 F. Supp. 387, 391 (D. Vt. 1996) (applying "Vermont's six year 'catch-all' statute of limitations"); Curtis K. ex rel. Delores K. v. Sioux City Cmty. Sch. Dist., 895 F. Supp. 1197, 1220–21 (N.D. Iowa 1995) (applying Iowa's "five-year statute of limitations [which covers] actions for which no other statute of limitations is specified"); Virginia McC ex rel. Mr. & Mrs. McC v. Corrigan-Camden Indep. Sch. Dist., 909 F. Supp. 1023, 1033–34 (E.D. Tex. 1995) (citing Scokin v. Texas, 723 F.2d 432, 436 (5th Cir. 1984)) (applying Texas's two-year statute of limitations period applicable to actions for damage or injury to person or property, or tort claims); James v. Nashua Sch. Dist., 720 F. Supp. 1053, 1058 (D.N.H. 1989) (applying New Hampshire's three-year statute of limitations period), with Abraham v. District of Columbia, 338 F. Supp. 2d 113, 122 (D.D.C. 2004) (implementing statute of limitations periods applicable to actions seeking judicial review of administrative decisions, typically thirty days in length); King ex rel. King v. Floyd Cnty. Bd. of Educ., 228 F.3d 622, 627 (6th Cir. 2000) (same); Powers v. Ind. Dep't of Educ., Div. of Special Educ., 61 F.3d 552, 558 (7th Cir. 1995) (same); Mayo v. Booker, 56 F. Supp. 2d 597, 598 (D. Md. 1999) (same); Birmingham ex rel. Birmingham v. Omaha Sch. Dist., 17 F. Supp. 2d 859, 867 (W.D. Ark. 1998) (same), rev'd on other grounds, 220 F.3d 850 (8th Cir. 2000).

In Akinseye, this member of the Court addressed a substantially similar issue presented here and ultimately held that the three-year catch-all statute of limitations period under District of Columbia Code § 12-301(8) applied to an action to recover attorneys' fees under the IDEA. 193 F. Supp. 2d at 134 (citing Zipperer, 111 F.3d at 847, as persuasive precedent for applying a longer statute of limitations period, while also considering King, 228 F.3d at 622; Powers, 61 F.3d at 552; Dep't of Educ. v. Carl D., 695 F.2d 1154, 1154 (9th Cir. 1983); and Amann v. Town of Stow, 991 F.2d 929, 929 (1st Cir. 1993), all which applied longer statute of limitations periods). The defendant contends that two recent District of Columbia Circuit opinions have since "superseded" the Akinseye decision. Def.'s Mem. at 11 n.2. In Kaseman and Jester, the Circuit held that "the term 'action' in the fee cap provision of the 2005 [District of Columbia A]ppropriations [A]ct encompasses both administrative proceedings and subsequent [attorneys'] fee requests brought in the district court by prevailing parties." Kaseman, 444 F.3d at 643; see also Jester, 474 F.3d at 821 (reiterating that an IDEA administrative action and ensuing litigation for attorneys' fees a plaintiff seeks after prevailing in that administrative action "comprise[s] the same action for the purposes of the IDEA and the Appropriations Act fee-cap"). Although both of these opinions do "not specifically address the applicable limitations period for IDEA [attorneys'] fee claims," Def.'s Mem. at 11, and instead analyze how a $4,000 cap on attorneys' fees pursuant to the District of Columbia Appropriations Act, 2005, Pub. L. No. 108-335 § 327, 118 Stat. 1322 (2004), applies to actions to recover attorneys' fees under the IDEA, they nonetheless require this Court to conclude that "an administrative hearing and ancillary fee litigation are one action." Jester, 474 F.3d at 821.[2] However, despite these Circuit rulings, this

---

[2]     The defendant also references authorities outside of this circuit that have held that litigation for attorneys' fees under the IDEA is ancillary to the underlying administrative

(continued . . .)

Court cannot agree with the defendant that, as a result, the statute of limitations period for this action is the same 90-day limitations period applied to appeals of IDEA administrative rulings.

The first consideration, and the most compelling in this Court's view, is one of statutory construction. The plaintiff notes in her opposition to the defendant's motion to dismiss that "the 90-day limitations period set forth in the IDEA specifies that it applies to appeals of [Hearing Officer Determinations]." Pl.'s Opp'n. at 3 (citing 20 U.S.C. § 1415(i)(2)). Indeed, as the statutory language currently exists, the subsection allowing for attorneys' fees, 20 U.S.C. § 1415(i)(3)(B), is set entirely apart from the subsection allowing for a civil action to appeal IDEA administrative hearing determinations and the correlating 90-day statute of limitations period that applies to such appeals. See 20 U.S.C. § 1415(i)(2)(A)–(B). Quite rightly, the plaintiff argues that had Congress intended this same statute of limitations period to apply to actions to recover attorneys' fees after prevailing at the administrative hearing stage, "it would have so stated." Pl.'s Opp'n. at 3. Where a statute contains a clear and express reference to the applicability of a

_____

(. . . continued)

proceeding as further support for application of its proposed 90-day statute of limitations period. However, not much has changed in these other circuits' analysis of this issue since the Akinseye decision where, as noted above, this Court already surveyed and considered these authorities. The only notable development actually cuts against the defendant's argument. See Holmes, 234 F. Supp. 2d at 1158 n.2 (distinguishing the earlier Ninth Circuit precedent in Carl D., which applied a shorter statute of limitations to substantive appeals of IDEA administrative proceedings, and holding that where "the federal action seeks only fees and costs (under 20 U.S.C. § 1415(i)(3)(B)) for prevailing at the administrative level, then [the] plaintiff has up to 2 years to seek the fees"). Moreover, in the defendant's attempt to display the "overwhelming majority of other jurisdictions" as being in its favor, the defendant only cites to cases that this Court previously took into account in Akinseye. Def.'s Mem. at 12–13 (citing only to decisions in the Sixth, Seventh, and First Circuits, as well as a District of Maryland decision). Given that this Court has already considered the rulings of other circuits and districts, these outside authorities do not further the defendant's argument any more so than they did when the Court issued Akinseye. In fact, in light of the distinction made by the District of Hawaii in Holmes subsequent to this Court's decision in Akinseye, if anything, authority from other jurisdictions favoring the defendant's position is actually less compelling now.

specific limitations period for one form of action, and no similar express limitations period exists for another form of action, it cannot be that this singular and yet distinctly separate limitations period simply applies to both actions.  See Russello v. United States, 464 U.S. 16, 23 (1983) ("'Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" (citation omitted)).  Thus, to employ the 90-day limitations period to the plaintiff's claim for attorneys' fees would defy the congressional intent of the statute as evidenced by the plain language of the statute itself.  See Ardestani v. INS, 502 U.S. 129, 135 (1991) (noting that "[t]he 'strong presumption' that the plain language of [a] statute expresses congressional intent is rebutted only in 'rare and exceptional circumstances'" (quoting Rubin v. United States, 449 U.S. 424, 430 (1981))).  Accordingly, the statute of limitations period cannot be the same 90-day period that applies to appeals of IDEA administrative proceedings as the defendant asserts.

Second, as noted above, although federal courts may borrow a statute of limitations period from an analogous state cause of action where Congress has failed to include a limitations period for a given federal cause of action, the borrowed state limitations period cannot be "inconsistent with underlying federal policies."  Spiegler, 866 F.2d at 463–64 (citing, among others, Wilson, 471 U.S. at 266–67.  The purpose of the IDEA legislation is, among other things, "to ensure that all children with disabilities have available to them a free appropriate public education . . . designed to meet their unique needs and prepare them for further education, employment, and independent living" and "to ensure that the rights of children with disabilities and parents of such children are protected."  20 U.S.C. § 1400(d)(1)(A)–(B).  This Court has noted that "[l]itigating claims under the IDEA is not a simple matter. Surely, parents and

guardians are likely to fare much better if they wade into the complex sea of education law with the safety net of an attorney." Akinseye, 193 F. Supp. 2d at 144.  Furthermore, this Court and others have opined that "a longer limitation[s] period will promote greater attorney representation of parents in IDEA proceedings," thereby better effectuating the policy goals of the IDEA by "enhanc[ing] the potential that disabled children will receive [a free] appropriate public education" while also ensuring greater protection of the rights of children with disabilities and their parents.  Id. at 143 (citing generally Zipperer, 111 F.3d at 847).

Conversely, a shorter statute of limitations period would have a detrimental impact on the rights of the individuals the IDEA is designed to protect.  According to the defendant, while the School System "endeavor[s] to act on invoices submitted within 60 days, fee requests may be deemed denied if [the School System] takes no action within 90 days of invoice submissions." Def.'s Mem. at 13.  If, as this Court has stated, "the statutory time limit for an attorney fee claim under the IDEA . . . start[s] to run when the services provided by the attorney were completed and the parent or guardian qualified as the 'prevailing party' under 20 U.S.C. § 1415(i)(3)(B)," Akinseye, 193 F. Supp. 2d at 145, then assuming that the prevailing party's attorney submits an invoice to the School System on the same day prevailing-party status in the underlying administrative proceeding was achieved, and assuming that the School System does in fact fulfill its endeavor to process this invoice in 60 days, the prevailing party and his or her attorney would not know that they had been adversely affected by either a complete or partial denial of their claim until after a substantial portion of the limitations period had expired, perhaps leaving only 30 days or less to file suit in federal court.  This problem is compounded by two major factors: (1) it is highly unlikely, given the billing cycles of typical legal practitioners, that an invoice

would be submitted on the same day the underlying administrative proceeding was completed;[3] and (2) the unlikely prospect that the School System will fulfill its aspirational goal of completing its review of all invoices within 60 days, given the limited resources that so often plague governmental institutions. These practical realities cause the Court to conclude that it is more likely that decisions will often be rendered on the eve of a 90-day limitations period. Even worse, when fully denying prevailing parties' claims for attorneys' fees it is not inconceivable that the School System might often opt to simply allow the 90-day consideration period to expire, thereby only indirectly notifying these parties of its denial of their requests. In fact, the School System envisions that this will occur. See Def.'s Mem. at 13. So once again, even assuming that a prevailing party's attorney submits an invoice for payment to the School System on the same day the administrative hearing is completed, which is unlikely, the prevailing party would not know that his or her request had been denied, perhaps wrongly, until after a 90-day limitations period for filing a claim in federal court for these attorneys' fees had expired.

As a result of such delays, individuals claiming prevailing-party status would be forced to either: (1) file suit for attorneys' fees in federal court before receiving a decision from the School System, or (2) wait for a decision and hope that it is favorable, knowing that awaiting a decision might bar a federal lawsuit on statute of limitations grounds. The former scenario would potentially consume judicial resources unnecessarily and cause parties to file possibly frivolous lawsuits, while the latter scenario would effectively eliminate prevailing parties' ability to

---

[3] The School System itself contemplates this reality and accommodates prevailing parties accordingly. See Def.'s Mem. at 13 (allowing invoices from prevailing parties' attorneys to be submitted "within 45 days" of the issuance of the hearing decision in which the party prevailed).

recover their attorneys' fees.  Accordingly, these potential consequences factor against adopting an abbreviated statute of limitations period.[4]

Lastly, although this Court and others have recognized that "expeditious resolution of matters regarding disabled students' education[al] needs" is required to fulfill the objectives of the IDEA, Akinseye, 193 F. Supp. 2d at 142 (citing Dell v. Bd. of Educ., 32 F.3d 1053, 1063–64 (7th Cir. 1994); Carl D., 695 F.2d at 1157), once the disabled child or the parent of the child prevails at the administrative proceeding level, the dispute concerning the needs of the child is effectively resolved. The only remaining issue at that point is one of fee shifting; a matter that, though ancillary to the underlying administrative hearing, does not demand an abbreviated statute of limitations as would a judicial appeal of a decision adverse to the child or child's parent.  As the Eleventh Circuit observed in Zipperer, although

> a short period of limitations for claims brought pursuant to section 1415(e)(2) [of the IDEA] "assures prompt resolution of disputes over education plans for [disabled] children" . . . , the resolution of claims for attorneys' fees is less urgent and, in reality, is more likely to be resolved by the attorneys' interest in prompt payment than by a short period of limitations.

111 F.3d at 851 (alteration and citations omitted).

---

[4]     The defendant too acknowledges these issues and puts forth a novel argument for tolling the statute of limitations to alleviate the practical problems posed by a shorter limitations period. See Def.'s Mem. at 13–14.  However, the Court cannot agree with this position because there is no case law, in this Circuit or otherwise, to support such a general tolling of the statute of limitations. See Abraham, 338 F. Supp. 2d at 122 (tolling the statute of limitations for three years because the School System failed to notify the prevailing party of the short, 30-day limitations period and because the state of the law as to the applicable limitations period was unsettled); Powers, 61 F.3d at 560 (stating that "there are no grounds for equitable tolling [of the statute of limitations] when . . . there was no indication that the claimant had been misled as to the statute or was somehow unable to determine the facts necessary to maintain the action for attorneys' fees" (citation and internal quotation marks omitted)).

In sum, although part of this Court's reasoning in <u>Akinseye</u> has been superseded by the District of Columbia Circuit Court's holdings in <u>Kaseman</u> and <u>Jester</u>, that does not compel the conclusion that the statute of limitations applicable to a prevailing party's claim for attorneys' fees under the IDEA is not the three-year "catch-all" provision of D.C. Code § 12-301(8) as the defendant argues. Thus, the Court again finds that it is "the statute most analogous to the claims that have been filed in this case," <u>Akinseye</u>, 193 F. Supp. 2d at 145, for two reasons. First, the plain language and statutory construction of the IDEA evidences a congressional intent to impose a different limitations period for judicial appeals of IDEA administrative hearing decisions. And second, the policy considerations underlying the enactment of the IDEA command a longer limitations period for prevailing parties' claims for attorneys' fees.

Here, the Hearing Officer's ruling was issued on November 28, 2006. Compl. ¶ 9. The plaintiff's complaint in this action was filed with the Court on November 27, 2009, one day within the three-year statute of limitations period. Thus, the plaintiff's complaint is not time-barred. Therefore, the defendant's motion to dismiss is denied.

## IV. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss for lack of subject matter jurisdiction is denied, as is its motion for a more definite statement. Additionally, the defendant's motion to dismiss for failure to state a claim upon which relief may be granted is denied, as the plaintiff (1) asserts in her complaint that she was a prevailing party in the underlying IDEA administrative hearing and (2) the complaint was timely-filed in accordance

with the three-year statute of limitations period applicable to the plaintiff's claim for attorneys'

fees.[5]


_____/s/_____
Reggie B. Walton
United States District Judge

---

[5]        An Order consistent with the Court's ruling accompanies this Memorandum Opinion.