UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SALOME WILSON,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA,

    Defendant.

Civil Action No. 09-2258 (JEB)

## MEMORANDUM OPINION AND ORDER

Plaintiff Salome Wilson claims that she is entitled to reasonable attorney's fees as a prevailing party in an administrative hearing under the Individuals With Disabilities Education Act. 20 U.S.C §§1400-1491 (2006). Plaintiff, as parent and next friend of Y.W., filed an IDEA claim in 2006 against the District of Columbia Public Schools system seeking appropriate school placement for Y.W., and she prevailed on her claim in a subsequent hearing. Plaintiff alleges that her attorney then filed an invoice for attorney's fees with DCPS in December 2006, but received no response. As a result, she filed this action seeking to recover those fees. Plaintiff has now filed a Motion for Summary Judgment on the grounds that there are no material facts in dispute and that she is entitled to a judgment on the merits. The Court has reviewed this Motion, Defendant's Opposition, and Plaintiff's Reply.

**I.    Background**

On August 28, 2006, Plaintiff, as parent and next friend of Y.W., filed a due process complaint against DCPS alleging that: (1) DCPS had denied Y.W. a free and appropriate public education under IDEA; and (2) a different school requested by Plaintiff could provide the necessary educational benefits. Compl. at ¶ 8. On November 16, 2006, DCPS held a hearing to

1

adjudicate Plaintiff's due process claim before a Hearing Officer. Id. Twelve days later, the Hearing Officer ruled in Plaintiff's favor on both counts. Compl. at ¶ 9-10. The Hearing Officer ordered DCPS to place Y.W. in the school requested by Plaintiff. Compl. at ¶ 11. None of this is disputed.

Plaintiff was represented by attorney Anthony R. Davenport at the due process hearing. Compl. at ¶ 13. She alleges that Davenport submitted an invoice for $6,141.66 in attorney's fees to DCPS, but did not receive any response from DCPS. Compl. at ¶ 16-17; see also Plaintiff's Opposition to Defendant's Motion to Dismiss, Att. B. Defendant, however, contends that it has no record that Davenport ever submitted an invoice for this matter. Opp. at 6. Defendant, therefore, disputes both that Plaintiff has sought reasonable attorney's fees through the administrative process established by DCPS and that the fees themselves are reasonable. Id. at 6, 10. As Defendant does not contest that Plaintiff, as a prevailing party, is entitled to reasonable attorney's fees, the only issues for this Court are the process for the payment request and the total amount owing.

## II.   Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." FED. R. CIV. P. 56(c)(1)(A). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb, 433 F.3d at 895 (quoting Liberty

Lobby, Inc., 477 U.S. at 248). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Liberty Lobby, Inc., 477 U.S. at 248; Holcomb, 433 F.3d at 895. The party seeking summary judgment "bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified." Taxpayers Watchdog, Inc., v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987). "Until a movant has met its burden, the opponent of a summary judgment motion is under no obligation to present any evidence." Gray v. Greyhound Lines, East, 545 F.2d 169, 174 (D.C. Cir. 1976). When a motion for summary judgment is under consideration, "the evidence of the non-movant[s] is to be believed, and all justifiable inferences are to be drawn in [their] favor." Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Electric Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*); Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations, or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). They are required to provide evidence that would permit a reasonable jury to find in their favor. Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the nonmovants' evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott, 550 U.S. at 380 ("[W]here the record taken as a whole could

not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'") (quoting Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

**III. Analysis**

Plaintiff's claim arises from Defendant's admitted failure to pay attorney's fees following an administrative hearing. As a prevailing party in an administrative hearing, Plaintiff may be entitled to an award of reasonable attorney fees. 20 U.S.C. § 1415(i)(3)(B); see Moore v. District of Columbia, 907 F.2d 165, 166 (D.C. Cir. 1990) (*en banc*) (IDEA authorizes parent who prevails in administrative hearing to recover attorney's fees). In order to recover attorney's fees, Plaintiff must demonstrate both that she is a "prevailing party" and that the attorney's fees requested are "reasonable." 20 U.S.C. § 1415(i)(3)(B). Defendant concedes that Plaintiff is a prevailing party under IDEA. Opp. at 8. Defendant, however, argues that: (1) Plaintiff has failed to exhaust her administrative remedies; and (2) Plaintiff's attorney's fees are not reasonable.

  A. Exhaustion

Plaintiff claims that by filing an invoice for attorney's fees she has exhausted her administrative remedies. Reply at 1. Defendant counters that it has no record of Plaintiff's counsel's invoice, and that Plaintiff has not exhausted her administrative remedies. Opp. at 6-7. IDEA is silent on whether a Plaintiff must exhaust her administrative remedies prior to seeking fees in district court, but courts have found that judicial efficiency is best served by permitting the District to process the attorney claims first. See, e.g. Goldring v. District of Columbia, Civ. No. 02-1761, *3-4 (D.D.C. Sept. 26, 2003); Smith v. District of Columbia, Civ. No. 02-373, *8-9 (D.D.C. Sept. 20, 2002).

4

The Court agrees in theory that judicial economy favors exhaustion, but the parties have failed to address this issue with sufficient specificity for the Court to rule. In other words, Defendant never explains what administrative steps Plaintiff is required to take or why her inquiries regarding payment are not sufficient. Without more, the Court cannot accept Defendant's exhaustion rationale or determine that a stay is appropriate in this case.

B. <u>Reasonableness of Attorney's Fees</u>

Even absent exhaustion, Plaintiff still has another significant hurdle to overcome. As a matter of law and in order to succeed on summary judgment, Plaintiff must demonstrate with <u>record</u> <u>support</u> that the attorney's fees requested in this case are reasonable. FED. R. CIV. P. 56(c)(1)(A); <u>Taxpayers</u>, 819 F.2d at 297. Here, Plaintiff claims that she sought reasonable attorney's fees, but there is no actual evidence that the requested fees are, in fact, reasonable. Plaintiff fails to submit any record support for two material facts: (1) that the hourly rate charged is reasonable; and (2) that the number of hours worked is reasonable.

*1. Hourly Rate*

The rate charged in this case is obviously a material fact because it determines whether the attorney's fee request is reasonable and thus affects the outcome under the governing law. See <u>Holcomb</u>, 433 F.3d at 895. If there is a genuine issue over the rate charged, Plaintiff's Motion for Summary Judgment must fail. <u>Id.</u>

Here, Plaintiff claims that the $250.00 per-hour rate charged by counsel for this matter is a reasonable rate. In support of her claim, Plaintiff states in her Motion that Davenport has "approximately 20 years of legal experience." Motion at 4. Plaintiff adds that Defendant has reimbursed Davenport for similar cases at the same rate in the past. <u>Id.</u> at 5. Plaintiff, however, does not point to any record evidence -- *e.g.*, an affidavit from Davenport -- to support either of

these assertions. Mere argument is not enough to succeed on summary judgment. FED. R. CIV. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . .").

Plaintiff claims only that under the U.S. Attorney's Laffey Matrix,[1] $405.00 per-hour is a reasonable rate for legal services provided by counsel with 20 years of experience. Plaintiff argues that because Davenport's rate is well below the $405.00 per-hour allowed by the Laffey Matrix, it must be reasonable. Motion at 4. But Plaintiff fails to recognize that the Laffey Matrix is not generally applicable to IDEA cases because they are not usually complex. See Agapito v. District of Columbia, 525 F. Supp. 2d 150, 152 (D.D.C. 2007) (rejecting application of Laffey Matrix rates in IDEIA (the precursor statute to IDEA) cases). Plaintiff has not demonstrated why Laffey Matrix rates should be applicable in this case. Because Plaintiff's claim that the rate for attorney's fees is reasonable is not supported by record evidence, the Court finds that there is a material fact in dispute as to the reasonableness of the rate charged. The Court must therefore deny Plaintiff's Motion for Summary Judgment.

2. *Hours Worked*

Even if there were not a genuine issue as to the rate charged in this case, Plaintiff's Motion must fail because there is also a dispute over the hours worked. The number of hours claimed in this case is also a material fact because it determines, when multiplied by the hourly rate, whether the attorney's fee request is reasonable and therefore affects the outcome under the governing law. See Holcomb, 433 F.3d at 895.

---

[1] See Laffey v. Northwest Airlines, Inc., 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 74 F.2d 4 (D.C.Cir. 1984), *modified by* Save Our Cumberland Mountains, Inc. v. Hodel, 857 F.2d 1516, 1524 (D.C. Cir. 1988).

Plaintiff argues that the number of hours worked is reasonable, but again fails to point to any record evidence to support her assertion. Plaintiff claims that the itemized invoice allegedly submitted by Davenport reflects "ordinary and necessary legal services" for Plaintiff's due process claim. See Motion at 4. Defendant, however, disputes many of these charges. See Opp., Ex. 1. In her Reply, Plaintiff again claims that "all charges included in the invoice submitted by Plaintiff were necessary to the underlying due process complaint." Reply at 2. Plaintiff attaches an affidavit from Davenport attesting to the fact that Davenport did not have support staff for ministerial tasks while working on Plaintiff's due process claim. Such evidence, however, is insufficient to support Plaintiff's broader claim that "all charges" were "necessary." Indeed, even Davenport's affidavit fails to so state.

Construing the evidence in the light most favorable to Defendant, therefore, the Court finds that there is a material fact in dispute as to the reasonableness of the hours worked as well as the hourly rate.

## IV. Conclusion

Because there are genuine issues as to two material facts, the Court ORDERS that:

1. Plaintiff's Motion for Summary Judgment is DENIED;
2. A status hearing in this action shall be set for April 27, 2011, at 10:30 a.m. in Courtroom 19.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  April 14, 2011